UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATONYA SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1647** |
| **PAUL FORTENBERRY ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Pending before the Court is Defendant Paul Fortenberry's 12(b)(6) Motion to Dismiss Plaintiff's claims. R. Doc. 7. No opposition has been filed. Considering the briefing and applicable law, the Court rules as follows.

I. BACKGROUND

This case arises out of a motor vehicle accident between two drivers. On March 21, 2023, Plaintiff Latonya Smith alleges that she and Defendant Austin Lee were both driving on I-610 in New Orleans when Lee suddenly collided with her vehicle and caused her to suffer injuries. R. Doc 5-1 at 2. At the time of the accident, Lee was allegedly operating a Peterbilt truck owned by Defendant Paul Fortenberry. *Id.* at 1. Lee was also allegedly insured by Defendant Federated Mutual Insurance. While Smith originally filed this lawsuit in the Civil District Court for the Parish of Orleans against all defendants, Fortenberry removed this case to this Court under the basis of diversity jurisdiction.[1] R. Doc. 5. Smith alleges that all three Defendants are negligent and the proximate cause to her injuries, making them all liable. R. Doc. 5-1. at 2-3. In response, Fortenberry filed the instant 12(b)(6) motion to dismiss Smith's claims against him. R. Doc. 7.

II. APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[1] Smith is a citizen and domiciled in Louisiana. Fortenberry and Lee are citizens and domiciled in Mississippi. Federated Mutual Insurance is incorporated in and has its principle place of business in Minnesota.

failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### III. ANALYSIS

Presently, Fortenberry, the owner of the vehicle, argues that Smith's claims against him should be dismissed because Louisiana law recognizes that an individual's "mere ownership" of a vehicle does not state a cognizable cause of action for negligence, without any additional allegations. R. Doc. 7-1 at 2. He argues that Smith has not plead any facts to suggest that she has a plausible claim for relief against him. Smith did not oppose the motion to dismiss Fortenberry.

The Court finds that Louisiana law governs the instant dispute. Under Louisiana law, it is well established that "an owner of a vehicle is not personally liable for damages which occur while another is operation the vehicle." *Stokes v. Stewart*, 1999-0878 (La. App. 1 Cir. 12/22/00), 774 So. 2d 1215, 1218 (citing *Harris v. Hamilton*, 569 So. 2d 1, 3 (La. App. 4th Cir. 1990)). There are a few exceptions to this rule. Such exceptions "occur only when the driver is on a mission for the

owner of the vehicle, when the driver is an agent or employee of the owner, and when the owner is himself negligent in entrusting the vehicle to an incompetent driver." *Stokes*, 774 So. 2d at 1218 (citing Jones *v. W. Preferred Cas. Co.*, 633 So. 2d 667, 669 (La. App. 1st Cir. 1993), writ denied, 94-0273 (La. 4/494), 635 So. 2d 1123).

A review of Smith's Complaint reveals that she has failed to plead "sufficient factual matter" against Fortenberry. *Iqbal*, 556 U.S. at 67. While Smith alleges that Fortenberry is the owner of the vehicle that Lee was driving during the accident, she pleads no facts that allow the Court to draw a "reasonable inference" that either Lee was driving the vehicle at Fortenberry's order, Lee was Fortenberry's agent/employee, or that Fortenberry was "negligent in entrusting the vehicle" to Lee. *Stokes*, 774 So. 2d at 1218. She simply states that because of the collision, Fortenberry is "liable. . . for full value of all damages recoverable . . ." R. Doc. 5-1. Even accepting her allegation as true—without more—Smith's right to relief against him is purely speculative. *Twombly*, 550 U.S. at 556. Accordingly, Smith's claims against Fortenberry must be dismissed.

### IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Paul Fortenberry's Motion to Dismiss for Failure to State a Claim, R. Doc. 7, is **GRANTED**. Plaintiff Latonya Smith's claims against Defendant Paul Fortenberry are **DISMISSED** with prejudice. The Court's holding has no bearing on Smith's claims against other defendants.

New Orleans, Louisiana, this 31st day of July, 2024.

_____
United States District Judge