UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATONYA SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1647** |
| **PAUL FORTENBERRY ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are two motions. The first is a 12(b)(6) motion to dismiss filed by Defendant Federated Mutual Insurance Company ("Federated"). R. Doc. 11. Plaintiff Latonya Smith opposes. R. Doc. 19. Federated replied to the opposition. R. Doc. 21. The second is a 12(b)(5) motion filed by Defendant Austin Lee. R. Doc. 12. Smith opposes. R. Doc. 17. Lee replied to the opposition. R. Doc. 22. Considering the briefing and applicable law, the Court rules as follows.

### I. BACKGROUND

This case arises out of a motor vehicle accident between Plaintiff Latoya Smith and Defendant Austin Lee. On March 21, 2023, Smith and Lee were both driving on I-610 in New Orleans when their vehicles collided, allegedly causing Smith to suffer injuries. R. Doc 5-1 at 2. Smith originally brought this action in state court for damages against Defendants Lee and Federated as Lee's insurer. *Id.* at 2-3. On June 27, 2024, Defendants removed the action to this Court on the basis of diversity jurisdiction. R. Doc. 5. Since removal of the case, Federated and Lee have filed motions to dismiss. R. Docs. 11, 12.

### II. PRESENT MOTIONS

#### A. Federated's Rule 12(b)(6) Motion to Dismiss

Federated argues that this Court should dismiss Smith's claims on the merits pursuant to

1

Federal Rule of Civil Procedure Rule 12(b)(6) because Smith "no longer has a procedural right of action against Federated under the recent changes to Louisiana's Direct Action Statute." *Id.* at 5. The relevant portion of the Direct Action Statute as of March 21, 2024, when Smith filed her lawsuit against Federated, read:

> B. (1) The injured person or his survivors or heirs . . ., at their option, shall have a right of direct action against the insurer within the terms and limits of the [liability insurance] policy; and, such action may be brought . . . against both the insured and insurer jointly and in solido . . . .

La. R.S. 22:1269. However, Act 275, effective August 1, 2024, drastically altered the prior version of the Direct Action Statute. R. Doc. 11-1 at 5. Under the newly amended statute, the same subsection above now limits a plaintiff's right to bring a direct action against an insurer, either with the insured or in solido, to seven specific circumstances:

> B. (1) The injured person or, if deceased, the persons identified in Civil Code Arts. 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.
>
> (c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.
>
> (d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.
>
> (e) When the insurer is an uninsured motorist carrier.
>
> (f) The insured is deceased.

> (g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

2024 La. Sess. Law Serv. Act 275 (H.B. 337). Although Federated acknowledges that Smith filed her suit prior to the enactment of Act 275, it claims that the Direct Action Statute is procedural in nature, rather than substantive, and thus, the amendment must be applied retroactively as required by Article 6 of the Louisiana Civil Code. R. Doc. 11-1 at 6-7. On this basis, Federated argues the new law is controlling in this case and that it is no longer a proper party as Lee's insurer because none of the seven criteria enumerated in Act 275 are satisfied. *Id.* at 7-8.

In opposition, Smith argues that a retroactive application of Act 275 would be too "far-reaching" and require dismissal of insurers in thousands of active cases in Louisiana courts. *Id.* at 1-2.

In reply, Federated maintains that dismissal is proper on its Rule 12(b)(6) motion because Smith entirely fails to address whether Act 275's changes to the Direct Action Statute should be applied retroactively or prospectively. In the event the Court finds that the new law applies prospectively only, Federated further argues that the Act 275 still applies in this case because it was properly joined and served on August 27, 2024, which is several days after the law's effective date on August 1, 2024.[1]

### B. Lee's Rule 12(b)(5) Motion to Dismiss

In his motion, Lee also requests that the Court dismiss all claims against him because Smith failed to properly serve him. R. Doc. 12-1. Lee claims that Smith did not formerly request a certified citation from the clerk while this was case was before state court. *Id.* at 3. In support, Lee notes that Smith never submitted an affidavit attesting to service of the suit onto Lee prior to

---

[1] In its opposition, Federated waived its Rule 12(b)(5) motion because it received valid service from Smith on August 27, 2024, rendering its argument moot. R. Doc. 21. Thus, the Court does not address the motion.

removal of case to this Court. *Id.* Lee further argues that Smith has taken no steps to effectuate service after removal despite the fact "Lee has advised undersigned counsel that he does not reside at the address listed for him in the Petition and that he has never received a copy of the Petition." *Id.* Lee thus contends that Smith has failed to demonstrate good cause for her failure to serve him under Rule 4(m). *Id.* at 4-5. On this basis, Lee asserts that dismissal of Smith's claims is appropriate but requests in the alternative that the Court set a date certain for Smith to effectuate service on him. *Id.* at 5.

In opposition, Smith argues that she did in fact timely attempt service and citation via the long-arm statute. R. Doc. 17 at 1. Smith alleges, however, that when she made the service request in state court, she used Lee's last known address stated in the police report for the accident, but the service was returned, stating the property was vacant. *Id.* Smith has since requested a "good address" for Lee, so that she can remedy the defect and perfect service. *Id.* Accordingly, she requests that the Court allow her sixty days to perfect service on Lee. *Id.* at 2.

In reply, Lee states that he provided Smith with his current residential address in Poplarville, Mississippi and requests that the Court set a date certain to request a summons on Lee and effectuate service of the lawsuit. R. Doc. 22.

### III.   LAW AND ANALYSIS

The Court will first address Federated's argument under Rule 12(b)(6) and then turn to Lee's Rule 12(b)(5) motion.

#### A. Federated's Motion to Dismiss under 12(b)(6)

##### 1. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

### 2. Analysis

Federated asks this Court to retroactively apply the Direct Action Statute, as amended by Act 275, to the present action and thus dismiss it as an improper party. R. Doc. 11. To determine whether retroactive application is appropriate in this case, the Court will proceed using a three-step analysis. First, the Court will address whether Act 275 indeed operates retroactively, such that its application to Smith's lawsuit might be improper. Second, the Court will conduct the two-step inquiry as required under Article 6 of the Louisiana Civil Code to ascertain whether Act 275 is meant to be applied retroactively or prospectively only. Third, the Court will address any constitutional protections that might deem retroactive application of Act 275 impermissible.

#### i. Whether Act 275 Operates Retroactively

Before assessing Act 275's temporal application, it must first be ascertained whether the amendment *operates* retroactively or prospectively. *Church Mut. Ins. Co. v. Dardar*, 2013-2351

(La. 5/7/14), 145 So. 3d 271, 279. It "is not always a simple or mechanical task" to distinguish retroactive from prospective operation of a statute. *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994). For instance, "[a] statute does not operate [retroactively] merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Id.* "Rather[,] the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* Louisiana courts have consistently found only two situations in which a law operates retroactively: "when it goes back to the past either to evaluate the conditions of the legality of a past act or to modify or suppress the effects of a right already acquired." *Walls v. Am. Optical Corp.*, 98-0455 (La. 9/8/99), 740 So. 2d 1262, 1267 (citing 1 M. Planiol, Treatise on the Civil Law § 243 (La. St. L. Inst. trans. 1959); *see also Palomeque v. Prudhomme,* 95–0725, (La.11/27/95), 664 So. 2d 88, 94 n.9. "If application of the statute produces neither of these two consequences, then it operates prospectively only, and will apply to bar a cause of action arising after its effective date." *Id.* Here, the Court finds that application of Act 275 to the present case fits plainly within the second situation. The new amendment serves to suppress Smith's right of action against Federated that she "already acquired" under the prior version of La. R.S. § 22:1269 that was in place on the date of the alleged car accident. Retroactive application of law, however, is not per se prohibited and must be further examined through the confines of legislative expression, statutory provision, and constitutional considerations. *See* Retroactivity of Legislation—A Brief Overview, 20 La. Civ. L. Treatise, Legis. Law & Proc. § 6:4 n. 23 (2023-2024 ed.) (discussing potential theoretical inconsistencies requiring further scrutiny and analysis).

    ii. **Classifying the Direct Action Statute under Article 6 of the Louisiana Civil Code**

The Louisiana Civil Code states that "substantive laws apply prospectively only," and

6

procedural laws "apply both prospectively and retroactively, unless there is a legislative expression to the contrary." La. Civ. Code art. 6. Drawing upon this language, Louisiana courts have crafted a "two-fold" inquiry to discuss the permissibility of applying any new law retroactively. *Keith v. U.S. Fid. & Guar. Co.*, 96-2075 (La. 5/9/97), 694 So. 2d 180, 183; *M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 2007-2371 (La. 7/1/08), 998 So. 2d 16, 29. The first inquiry is "whether the legislature expressed an intent concerning the retroactive or prospective application of the law." *Church Mutual*, 145 So. 3d at 279. Here, the statutory language of Act 275 does not indicate whether the amendment to La. R.S. § 22:1269 should be applied prospectively or retroactively. Therefore, the Court must move on to the second step of the analysis to discern legislative intent "by classifying the law as either substantive, procedural, or interpretive." *Id.* By definition, "[s]ubstantive laws establish new rules, rights, and duties or change existing ones," while "procedural laws prescribe a method for enforcing a substantive right and relate to the form of the proceeding or the operation of the laws." *St. Paul Fire & Marine Ins. Co. v. Smith,* 609 So. 2d 809, 817 (La. 1992); *Ardoin v. Hartford Acc. & Indem. Co.,* 360 So. 2d 1331, 1339 (La. 1978). Consistent with Federated's argument for retroactive application of Act 275, the Louisiana Supreme Court has classified the Direct Action Statute as a procedural law. *See, e.g.*, *Soileau v. Smith True Value & Rental*, 2012-1711 (La. 6/28/13), 144 So. 3d 771, 780. ("The Direct Action Statute does not create an independent cause of action against the insurer[;] it merely grants a procedural right of action against the insurer where the plaintiff has a substantive cause of action against the insured."). It would thus appear at first instance that the Louisiana Civil Code mandates retroactive application of Act 275, and dismissal of Federated is warranted here. The analysis, however, does not end upon the simple classification of a law.

### iii. Retroactive Application of Act 275 Deprives Plaintiff of a Vested Right in Violation of Constitutional Due Process Guarantees

The Court must also determine whether retroactive application of Act 275 is contrary to constitutional protections that would render such application impermissible. "The Louisiana Legislature's power to enact retroactive laws is limited by the due process and contracts clauses of the United States and Louisiana Constitutions." *Segura v. Frank*, 630 So. 2d 714, 728 (La. 1994). When a party has suffered an injury and brings a lawsuit, he has a vested property right in his accrued cause of action "that is protected by the guarantee of due process." *Burmaster v. Gravity Drainage Dist. No. 2 of St. Charles Par.*, 366 So. 2d 1381, 1387 (La. 1978). However, "where the injury has not yet occurred and the cause of action has not yet vested, the guarantee of due process does not forbid the creation of new causes of action or the abolition of old ones to attain permissible legislative objectives." *Progressive Sec. Ins. Co. v. Foster,* 97–2985 (La. 4/23/98), 711 So. 2d 675, 688. "A right is 'vested' when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. It must be absolute, complete, unconditional, and independent of a contingency; the mere expectation of a future benefit or contingent interest in property does not create a vested right." *Matter of American Waste and Pollution Control Co.*, 597 So. 2d 1125, 1129–1130 (La. Ct. App. 1st Cir. 1992); *see also Smith v. Bd. of Trustees of Louisiana State Employees' Ret. Sys.*, 2002-2161 (La. 6/27/03), 851 So. 2d 1100, 1106; *Sawicki v. K/S Stavanger Prince*, 2001-0528 (La. 12/7/01), 802 So. 2d 598, 604.

Applying these constitutional principles on similar facts, this Court has recently found retroactive application of Act 275 improper. *Baker v. Amazon Logistics, Inc.*, No. CV 23-3991, 2024 WL 4345073 (E.D. La. Sept. 30, 2024). In *Baker v. Amazon Logistics, Inc.*, plaintiffs brought a negligence claim against the other driver in a two-vehicle accident. *Id.* at *1. They later filed a motion for leave to amend their complaint to add the defendants' insurers as parties to the lawsuit

8

under the prior version of the Direct Action Statute on July 31, 2024. *Id.* Notably, this filing came one day prior to the effective date of Act 275 – August 1, 2024. *Id.* The defendant opposed the motion on the basis that the newly enacted Act 275 barred plaintiffs from naming the insurers as defendants in the case. *Id.* The Court ultimately rejected the defendants' argument and held that although the Direct Action Statute is procedural, "changes to a procedural law cannot apply retroactively so as to divest a party of a vested right in a cause of action." *Id.* at *4 (citing *Church Mutual*, 145 So. 3d at 280). The Court reasoned that prior to the amendment, the plaintiff had a "special" statutory right to sue insurers and without it, "tort victims 'would have [had] no right of action against an alleged tortfeasor's liability insurer.'" *Id.* This is so because "the obligation between the plaintiff and the alleged tortfeasor is delictual in nature, and the plaintiff has no contractual relationship with the tortfeasor's insurer." *Id.* Therefore, retroactive application of Act 275 would have impermissibly divested the plaintiffs of their statutorily-defined cause of action against the insurers that accrued on the date of the accident. *See id.*

Here, this Court finds no reason to part with the decision in *Baker*. It is undisputed that the car accident resulting in Smith's alleged injuries occurred on March 21, 2023. R. Doc. 5-1. At that moment, Smith's cause of action in negligence against Federated accrued because there was a "happening of a wrongful act and the existence of an injury resulting in in legally cognizable damages." [2] *Walls*, 740 So. 2d at 1269 (describing when a negligence cause of action arises); *see also M.J. Farms*, 998 So. 2d at 34 ("[A] cause of action accrues when a party has the right to sue."); *Falgout v. Dealers Truck Equip. Co.*, 98-3150 (La. 10/19/99), 748 So. 2d 399, 407 ("[F]or a negligence cause of action to accrue, three elements are required: fault, causation and damages.").

---

[2] *See Baker,* 2024 WL 4345073, at *5 ("Until August 1, 2024, the only circumstances necessary for an injured third party to have a direct right of action against an insurer (together with the insured tortfeasor) were an injury to the third party, allegedly caused by the insured, resulting in damages, and a liability insurance policy between the alleged tortfeasor and the insurer.")

9

Furthermore, Smith's cause of action against Federated became a vested right prior to the enactment of Act 275 when she brought suit against it as Lee's insurer on March 21, 2024. *See Young v. First Nat. Bank of Shreveport*, 34-214 (La. App. 2 Cir. 8/22/01), 794 So. 2d 128, 136 ("A cause of action in tort is a vested property right."). This is because once a "procedural right has been invoked, the plaintiff acquires a vested right in the pending action – essentially the right to pursue . . . the remedy to be effectuated by the direct action statute." *Baker,* 2024 WL 4345073, at *4. Based on this rationale, the Court rejects Federated's contention that Act 275 should apply here due to it being served after the law's enactment. A procedural right is properly invoked and thus enjoys constitutional protections at the time of bringing an action against a party, not upon service of a citation and petition. *See id.* (holding plaintiffs obtained a vested right to sue insurers upon adding them as defendants prior to the enactment of Act 275). Accordingly, Act 275 cannot be applied retroactively to the present case. If the Court were to do so, such a ruling would fly in the face of Smith's due process guarantees established under the Constitution and divest her of the vested right to sue Federated that she obtained upon the filing of this suit.

### B. Lee's Motion to Dismiss under 12(b)(5)

#### 1. Applicable Law

Pursuant to Federal Rule of Civil Procedure 12(b)(5), a party may request that the Court dismiss a case for insufficient service of process. Where service took place prior to removal, the Court applies state law to assess the validity of the underlying service. *Freight Terminals Inc. v. Tyder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir.1972) ("[T]he district court must look to state law to ascertain whether service was properly made prior to removal."); *see also Sal Ciolino & Assocs. v. First Extended Serv. Corp.,* 156 F. App'x 621, 622 (5th Cir. 2005). Under Louisiana law, service of a citation must "be requested on all named defendants within ninety days of commencement of

the action." La. Code Civ. P. art. 1201(C). If a plaintiff fails to request service on a defendant within the required time period, "[a] judgment dismissing [the] action without prejudice shall be rendered as to [that defendant] . . . unless good cause is shown why service could not be requested." La. Code Civ. Proc. Ann. art. 1672(C).

Where a case has been removed from state court, the federal district court may allow a party to remedy defective service:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which *process served proves to be defective*, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C.A. § 1448 (emphasis added). The district court has "broad discretion" when deciding whether to dismiss a case for insufficient service. *Kreimerman v. Casa Veerkamp*, 22 F.3d 634, 645 (5th Cir. 1994). "Even if the plaintiff lacks good cause, the court has discretionary power to extend the time for service." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). "A discretionary extension may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action.'" *Id.* (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).

### 2. Analysis

An affidavit of service was filed with the Court verifying that Smith served Lee with a citation and petition on September 27, 2024. R. Doc. 29. Accordingly, the Court finds that Lee's 12(b)(5) motion is moot now that service has been properly made.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Federated Mutual Insurance Company's 12(b)(6) Motion, R. Doc. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Austin Lee's 12(b)(5) Motion, R. Doc. 12, is **DENIED**.

New Orleans, Louisiana, this 10th day of October, 2024.

_____
United States District Judge